# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**JAMES RUSSELL JOHNSON,**
**# 13000034,**

    **Plaintiff,**

vs.                                              **Case No. 5:20cv252-TKW-MAF**

**OFFICER YOUNG,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed this § 1983 action against Defendant Young, an officer at the Calhoun County Jail. Plaintiff is a pretrial detainee at the jail. The first amended complaint, ECF No. 12, alleged that Defendant Young denied Plaintiff medical care, deprived him of basic necessities, and used unnecessary and excessive force. Defendant was served with process, ECF No. 19, and responded to Plaintiff's first amended complaint [hereafter "complaint"] by filing a motion to dismiss, ECF No. 21.

Plaintiff was twice directed to file a response to that motion, *see* ECF Nos. 22 and 25, and advised that pursuant to the Local Rules of this Court,

Defendant's motion may be granted "by default" if Plaintiff did "not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). He was also directed to clarify whether he sought to sue Defendant Young in his individual capacity, official capacity, or both. ECF No. 25 (citing to ECF No. 21 at 5). Despite those Orders, Plaintiff has not filed a response in opposition to Defendant's motion and the April 29, 2021, deadline has passed.

**Allegations of the Amended Complaint, ECF No. 12**

Plaintiff alleged that on March 31, 2020, he was involved in an altercation with another inmate. ECF No. 12 at 5. Officer Young responded to the disturbance and separated the inmates, placing the other inmate in segregation. *Id.* Plaintiff said he was cut on the face with a piece of "metal mirror," and fell over a mop bucket and wringer, fracturing his ribs. *Id.* Plaintiff said that he was knocked unconscious, so other inmates helped him get up and Officer Young asked him if he "was good." *Id.* Plaintiff replied "in the affirmative, not sure what he meant by good." *Id.*

After Officer Young left the area, "Plaintiff realized he had blood all the way down his leg, that his face was still bleeding," and he thought he might need stitches. *Id.* at 6. He also began to experience "incredible"

pain and could not take a full breath.  *Id.*  When Plaintiff knocked[1] on the door to get an officer's attention, Defendant Young came back and was "agitated that Plaintiff had knocked on [the] door."  *Id.*  He, nevertheless, took Plaintiff out of the dorm and into a cell where he, along with two inmate trustees, examined Plaintiff.[2]  *Id.* at 8.  Officer Young told Plaintiff "he would live and [he] wasn't getting any medical attention."  *Id.*  Another officer arrived and "took pictures of Plaintiff's wounds for evidence" to be used in the prosecution of the inmate who assaulted Plaintiff.  *Id.*  Although Plaintiff said that he did not want the inmate prosecuted, Lt. Wheetley told Plaintiff that his "testimony was not needed to press charges" against the inmate because the incident was captured on video.  *Id.*  Plaintiff was then returned to his dorm without medical treatment.  *Id.* at 9-10.  He contends that considering the pictures which were taken and the charges officers' indicated would be filed against the other inmate, he has "absolutely no

---

[1] Plaintiff explains there is no button to call for officers, and banging on the door or the covered window is the "only way to get" an officer's attention.  ECF No. 12 at 7.

[2] Plaintiff said that the "jail has absolutely no medical staff," and EMS is called for emergencies.  ECF No. 12 at 10.  However, he suggests there is a "paycare" medical facility next door to the jail, yet when Plaintiff requested that he be taken to "paycare" for treatment, Officer Young told him it was "not accessible to inmates at that time because [of] jail policies to avoid coronavirus getting into the jail."  *Id.*

doubt that EMS should have been called" and he should have received medical care. *Id.* at 11.

Plaintiff also presented a second claim for an event which transpired in May of 2020. ECF No. 12 at 12. He claimed that the toilet in the dorm was "stopped up" and, because he suffers from a perirectal abscess, he is particularly susceptible to medical problems resulting from lack of access to the toilet. *Id.* at 12-13. After hours with no assistance, Plaintiff began knocking on the window to get the officers' attention. *Id.* at 13. Officer Young ignored him for "quite some time," before becoming angry and escorting Plaintiff out of the dorm and into a single cell across the hall. *Id.* at 13-14. Plaintiff alleged that he immediately asked for toilet paper," but "Officer Young refused." *Id.* at 14. He then told Plaintiff he would be "pepper sprayed as punishment for knocking on the glass." *Id.* at 14-15. When Plaintiff replied that it would be illegal to do so, Officer Young said "he did not care, and that he thought it might do Plaintiff some good." *Id.* at 15. Officer Young returned a few minutes later, gave Plaintiff a warning so he "could avoid getting it in his eyes," and then "deployed the entire can of pepper spray on Plaintiff and on the cell floor." *Id.* Plaintiff also alleged that Defendant Young closed the "food flap to trap fumes in [the] small cell

Case No. 5:20cv252-TKW-MAF

with Plaintiff." *Id.* at 15-16.  Plaintiff claimed it was "the practice of officers at Calhoun County Jail to punish pretrial detainees with pepper spray" in such a manner - leaving them in a cell "covered in pepper spray" for 15-30 minutes.  *Id.* at 16.  In this instance, Plaintiff thought he was left in the cell for 20 minutes before being removed and taken to a decontamination shower.  *Id.* at 16-17.  Notably, after he was provided the shower, he was "made to clean up the pepper sprayed cell before being returned to his dorm."  *Id.* at 17.

Plaintiff said that Defendant Young told him his "mouth" caused him to be attacked by the other inmate, and then got him "sprayed."  *Id.* at 17.  Furthermore, Plaintiff said that because he was denied use of the toilet during that entire period of time, his abscess "flare[d] up" and he believes he will require another "surgical draining and packing."  *Id.* at 17-18.  Plaintiff said that his abscess "now drains and bleeds daily."  *Id.* at 18.

Plaintiff seeks both compensatory and punitive damages as relief.  *Id.* at 19-20.  He also requests "medical treatment," which is deemed to be a request for injunctive relief.  ECF No. 12.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).³ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant

---

³ The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations. As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. A motion to dismiss does not address the merits of a case but, rather, "courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Motion to dismiss, ECF No. 21**

Defendant Young contends that to the degree "Plaintiff is attempting to bring claims against Defendant Young in his 'official capacity,' these claims are properly brought against the employing entity and not Defendant Young." ECF No. 21 at 2. Nevertheless, Defendant Young claims that to the degree Plaintiff intended to bring official capacity claims against him, Plaintiff has failed to state a claim upon which relief can be granted. *Id.; see also* ECF No. 21 at 5. Further, Defendant contends that in order "to

properly frame a responsive pleading, it is imperative that he know what capacity Plaintiff brings suit." *Id.* at 2.  Defendant requests that Plaintiff "be required to re-plead his claims, and identify specifically whether Defendant Young is being sued in his individual or official capacity, so that Defendant Young may properly frame his responsive pleading." *Id.* at 5.

**Analysis**

Defendant Young contends that Plaintiff's complaint is not clear as to whether he is suing the Defendant in his individual or official capacity, or both.  ECF No. 21 at 2-3.  It is true that a plaintiff has a duty to "make plain" who he is "suing and to do so well before trial."  Colvin v. McDougall, 62 F.3d 1316, 1318 (11th Cir. 1995) (quoted in Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1047 (11th Cir. 2008)).  However, a plaintiff "is not required to designate with specific words in the pleadings that [he is] bringing a claim against defendants in their individual or official capacities, or both."  Hobbs v. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993) (quoted in Young Apartments, 529 F.3d at 1047).  The Eleventh Circuit Court of Appeals noted in Young Apartments that "[w]hen it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed."  529

F.3d at 1047 (quoting Jackson v. Georgia Dep't of Trans., 16 F.3d 1573, 1575 (11th Cir. 1994)).  "Thus, while it is 'clearly preferable' that a plaintiff state explicitly in what capacity defendants are being sued, 'failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.'" Id. at 1047 (quoting Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001)).

In this case, Plaintiff used the civil rights complaint form as required by Local Rule 5.7(A).  He checked both boxes on the form indicating that he was suing Officer Young in his individual capacity and in his official capacity.  ECF No. 12 at 2.  Plaintiff made his complaint somewhat less clear by handwriting in between those statements the words "and/or."  Nevertheless, construed liberally as the Court must for a pro se litigant, Plaintiff's amended complaint is deemed to have sufficiently stated that he was suing the Defendant in both capacities.

Defendant also stated that Plaintiff had failed "to give Defendant Young adequate notice of the claims against him and the grounds upon which each claim rests."  ECF No. 21 at 3.  Defendant appears to assert that this is a "shotgun pleading" which is subject to dismissal.  Id.  in the alternative, Defendant Young requests that Plaintiff "be required to re-plead

his claims . . . so that Defendant Young may properly frame his responsive pleading." *Id.* at 5.

If Defendant Young was so unclear such that he could not frame a responsive pleading, Rule 12(e) permits a party to "move for a more definite statement of a pleading" if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Defendant Young did not do so. Yet "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." <u>Weiland v. Palm Beach Cty. Sheriff's Off.</u>, 792 F.3d 1313, 1324 (11th Cir. 2015). Although the complaint was not as clear as it could have been in stating the capacity in which Plaintiff sues the Defendant, the factual allegations were clear. Plaintiff stated his claims in short numbered paragraphs as required by Rule 10, and he alleged specific facts, not conclusory statements. Defendant seemingly had no issue in determining the factual basis for this case. *See* ECF No. 21 at 3-4.

At any rate, Plaintiff has sued Defendant Young for both compensatory and punitive damages. ECF No. 12 at 19. However, "[i]n a § 1983 action, punitive damages are only available from government

Page 12 of 17

officials when they are sued in their individual capacities." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (cited in Young Apartments, 529 F.3d at 1047).

In addition, Plaintiff does not allege a factual basis for an official capacity claim, nor does he assert such a claim within the "statement of claims section of the complaint. ECF No. 12 at 19-20. Although Plaintiff noted that it was "the practice of officers" at the jail to punish pretrial detainees with pepper spray, Plaintiff made that comment in the context of asserting that "Officer Young did exactly this." ECF No. 12 at 16.

Plaintiff also claimed that Officer Young would not allow him to go to the "paycare" facility due to coronavirus concerns and he stated it was because of "jail policies." *Id.* at 10. However, Plaintiff's claims are presented entirely as to the actions and comments of Defendant Young. Plaintiff did not allege facts to support a separate and distinct official capacity claim. That is so because to pursue an official capacity claim, a plaintiff must allege facts showing that a policy or custom of a municipality or jail "caused the constitutional violation." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991). To do so, the plaintiff must allege facts to show "(1) that his constitutional rights were violated; (2)

that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  In other words, a plaintiff must establish that the challenged official policy or custom was "'the moving force of the constitutional violation ....'" Polk Cty., Iowa v. Dobson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (citation omitted).

Under that standard, Plaintiff's complaint cannot proceed with an official capacity claim because he does not allege that he was unable to receive medical care because of a policy.  Rather, Defendant Young allegedly refused Plaintiff any medical care, telling him that he "would live and wasn't getting any medical attention."  ECF No. 12 at 8.  When Plaintiff subsequently asked to be taken to the "paycare" facility, the request was denied with a reason pointing to covid-19 concerns, but the denial had already happened.  In other words, Plaintiff was not denied medical care due to a policy, and a policy of the jail was not the "moving force" behind Plaintiff's deprivation.  Defendant Young allegedly chose not to call EMS to examine Plaintiff or provide him with any medical care, and Plaintiff's factual allegations do not base that decision on a "policy."  Thus, Plaintiff

did not provide a factual basis to support an official capacity claim against Defendant Young for the denial of medical care.

Moreover, "[o]nly a final policymaker may be held liable in an official capacity." Lloyd v. Van Tassell, 318 F. App'x 755, 760 (11th Cir. 2009). There are no allegations which establish that Defendant Young was responsible for making policies at the jail. That is fatal to the official capacity claims. Because Defendant Young is not alleged to be the final policymaker, he may not be held liable in his official capacity. For all of these reasons, the motion to dismiss the official capacity claim should be granted.

Defendant also asserts that "Plaintiff has failed to plead a short and plain statement of his claims showing that he is entitled to relief" under Rule 8(a)(2). ECF No. 21 at 2. That assertion is rejected. Plaintiff's factual allegations are clear, straightforward, and comply with Rule 8(a). Because Defendant does not otherwise assert that Plaintiff's claims for the denial of medical care or the use of unnecessary and excessive force are insufficient, those claims need not be addressed further. Contrary to Defendant's argument that "Plaintiff fails to give Defendant Young adequate notice of the claims against him and the grounds upon which

each claim rests," ECF No. 21 at 3, Defendant was able to re-articulate the actions Plaintiff said were allegedly committed by Defendant Young. *Id.* at 3-4. The amended complaint asserted facts and not legal conclusions.

Plaintiff's amended complaint is also not a "shotgun pleading." The Eleventh Circuit has identified the four basic types of shotgun pleadings. Weiland, 792 F.3d at 1321-23. First "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Plaintiff's complaint did not do that. Second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Again, Plaintiff's complaint does not do so. Third is a complaint that does not separate out the different causes of actions or claims for relief. *Id.* at 1323. Once again, Plaintiff's complaint properly raised two counts against the Defendant. Finally, "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Plaintiff's complaint does not fall within that category either

because it is brought only against one Defendant and clearly raises two claims for deliberate indifference[4] and excessive force.  ECF No. 12 at 19.  Plaintiff's complaint does not fail to give Defendant Young "adequate notice of the claims against them and the grounds upon which each claim rests." 792 F.3d at 1323.  Defendant should be required to file an answer to Plaintiff's amended complaint.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Young's motion to dismiss, ECF No. 21, be **GRANTED** in part and **DENIED** in part.  The official capacity claims should be **DISMISSED**, but Plaintiff's individual capacity claims should proceed and Defendant should be required to file an answer to Plaintiff's amended complaint, ECF No. 12, with fourteen days of the date an Order is entered on this

---

[4] Plaintiff's § 1983 complaint alleged that Defendant was deliberately indifferent to his serious need for medical treatment.  It is a proper claim, see Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), although as a pre-trial detainee, the claim is brought pursuant to the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment which is the basis for claims brought by convicted prisoners.  Harris v. Coweta Cnty., 21 F.3d 388, 393 n.6 (11th Cir. 1994).  "The analysis is the same, however, under either provision."  Lloyd v. Van Tassell, 318 F. App'x 755, 759 (11th Cir. 2009).

Case No. 5:20cv252-TKW-MAF

recommendation.  Finally, it is recommended that this case be

**REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2021.


                            S/    Martin A. Fitzpatrick
                           **MARTIN A. FITZPATRICK**
                           **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**