# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**JAMES RUSSELL JOHNSON,**
**# 13000034,**

    Plaintiff,

vs.                                                                 Case No. 5:20cv252-TKW-MAF

**OFFICER YOUNG,**

    Defendant.
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, a pro se detainee at the Calhoun County Jail, filed this § 1983 action against Defendant Young, an officer at the Jail, in late September 2020. Defendant Young filed a motion to dismiss, ECF NO. 21, in response to Plaintiff's first amended complaint, ECF No. 12. Plaintiff was twice directed to file a response to Defendants' motion, *see* ECF Nos. 22 and 25, but he did not do so, despite being advised that Defendant's motion might even be granted by default. As it turns out, the motion was granted in part and denied in part and the case remanded for further proceedings. ECF Nos. 26-27.

Defendant Young has now filed an answer with affirmative defenses to Plaintiff's amended complaint. ECF No. 29. Normally, a Scheduling Order would be entered to guide the parties in conducting discovery. However, the prior Order, ECF No. 28, entered on June 22, 2021, also required Plaintiff to take action to demonstrate there remained an ongoing case and controversy between the parties. Since nothing had been received from Plaintiff since December 2020, *see* ECF No. 16, which was before service of process was directed, Plaintiff was required to file a response by July 8, 2021, which demonstrated his desire to continue this litigation. ECF No. 28. Plaintiff was specifically advised that if he failed to do so, his lack of a response would "be construed as demonstrating that he has abandoned this litigation." *Id.* As of this date, nothing has been received from the Plaintiff. It appears he has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case by demonstrating a continuing controversy between the parties, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2021.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.